ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP -2 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
## Atlanta Division

| | |
|---|---|
| MARY L. METZLER, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER: |
| v. | 1 03 CV 2625 |
| GENERAL MOTORS CORPORATION, JEROME HUNTER, BARRY WOODS and GORDON ZIMMER | BBM |
| Defendants. | |

## COMPLAINT

**COMES NOW** Plaintiff Mary L. Metzler, by and through undersigned counsel, and files this Complaint against Defendants, and shows this Honorable Court and Defendants as follows:

### JURISDICTION

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 since this matter involves a federal question of gender discrimination arising under 42 U.S.C. §1981, et seq.

2.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since this matter involves a claim between residents of different states and an amount in controversy in excess of $75,000.00.

3.

This Court has jurisdiction over this matter pursuant to 42 U.S.C. §1981 et seq.



## VENUE

4.

Venue is proper in this Court since a substantial portion of the events giving rise to this action occurred within this Court's judicial district.

## THE PARTIES

5.

Plaintiff Mary L. Metzler is an individual residing in the State of Alabama and a former employee of Defendant General Motors.

6.

Defendant General Motors Corporation (hereinafter referred to as General Motors) is a corporation incorporated in the State of Delaware and having its principal place of business in the State of Michigan.

7.

Defendant Jerome Hunter is Defendant General Motors' Quality Manager Doraville Assembly Plant and is and was an agent of Defendant General Motors' at all times relevant to this action. Defendant Jerome Hunter is a resident of the State of Georgia.

8.

Defendant Barry Woods is Defendant General Motors' Engineering Group Manager for Powertrain Quality Systems located in Pontiac, Michigan and is and was an agent of Defendant General Motors' at all times relevant to this action. Defendant Jerome Hunter is a resident of the State of Michigan.

9.

Defendant Gordon Zimmer is Defendant General Motors' Executive Director for Powertrain World Headquarters Pontiac, Michigan and is and was an agent of Defendant General Motors' at all times relevant to this action. Defendant Jerome Hunter is a resident of the State of Michigan.

10.

Defendant General Motors is vicariously liable for the conduct and actions of its agents, Defendants Hunter, Woods and Zimmer, since the agents' actions occurred while they were operating and acting within the scope of their employment.

**STATEMENT OF RELEVANT FACTS**

11.

Plaintiff Mary L. Metzler is a former employee of Defendant General Motors who was originally hired by Defendant General Motors on or about October 17, 1983.

12.

Plaintiff Mary L. Metzler was most recently employed by Defendant General Motors as the Quality Resident Manager at Defendant General Motor's Doraville Assembly Plant located in DeKalb County, Georgia.

13.

Plaintiff's Mary L. Metzler dotted line supervisor while employed at the Doraville Assembly Plant was Defendant Hunter and her Engineering Group Manager was Defendant Woods.

14.

On or about May 25, 2001, Defendant Hunter informed Plaintiff Mary L. Metzler that her employment at the Doraville plant was no longer wanted.

3

15.

On May 26, 2003, due to a non-work related catastrophic knee injury, Plaintiff Mary L. Metzler was placed on a medical leave of absence until March 31, 2001.

16.

Upon the expiration of her medical leave of absence, Plaintiff Mary L. Metzler and Defendant General Motors agreed that Plaintiff would take a six (6) month unpaid leave of absence pursuant to General Motors' Special Leave of Absence program.

17.

On September 25, 2002, Plaintiff Mary L. Metzler met with Alexia Gannon, an agent for and of Defendant, at the Atlanta Hartsfield International Airport at which time Plaintiff Mary L. Metzler's leave of absence was extended pending General Motors' internal investigation.

18.

On December 4, 2002, Plaintiff Mary L. Metzler met with Defendant Zimmer and Defendant Walls in Pontiac, Michigan at which at which time, and pursuant to General Motors established policy, my Client was instructed that she could post for jobs within the company by utilizing the Opportunity Awareness Posting line (OAP).

19.

Plaintiff Mary L. Metzler, in good faith, immediately began posting for jobs; ultimately she posted for over thirty-four (34) different positions within General Motors between December 2002, and January 2003.

20.

Despite all of her postings, Plaintiff did not receive a single response from the Opportunity Awareness Posting line.

21.

On January 31, 2003, Defendant General Motors formally separated Plaintiff Mary L. Metzler.

22.

On February 4, 2003, Kristin Cowen of General Motors talent acquisition department called Plaintiff Mary L. Metzler and informed her that none of her postings had been processed since she had not been made "active status".

## COUNT I

## GENDER DISCRIMINATION

23.

During Plaintiff Mary L. Metzler's entire employment with Defendant General Motors, Defendants repeatedly passed Plaintiff over for promotion, advancement and other job benefits and treated Plaintiff Mary L. Metzler in a manner which created a hostile work environment all of which resulted from Defendants' intention to discriminate against Plaintiff due to her sex along with Defendants' discriminatory practices.

24.

Defendants' decision to terminate Plaintiff Mary L. Metzler's employment with Defendant General Motors resulted from Defendants' intention to discriminate against Plaintiff due to her sex and is the result of Defendants' discriminatory practices.

25.

Defendants' actionable sex discrimination against Plaintiff Mary L. Metzler and its discriminatory practices constitute unlawful employment practices within 42 U.S.C. §1981, et seq. and 42 U.S.C. §2000e-5.

26.

As a result of Defendants' actionable sex discrimination and discriminatory practices, Plaintiff Mary L. Metzler has suffered numerous and severe damages including a loss of her eighteen and one-half year (18 ½) career, her lost pension benefits, her lost wages, her lost health benefits, her lost profit sharing, interest thereon and the severe emotional and mental distress and trauma that she has suffered.

27.

Defendants are jointly and severely liable to Plaintiff Mary L. Metzler for her loss of her eighteen and one-half year (18 ½) career, her lost pension benefits, her lost wages, her lost health benefits, her lost profit sharing, interest thereon and the severe emotional and mental distress and trauma that she has suffered as a result of Defendants actions in the amount of one point two million dollars ($ 1,200,000.00) pursuant to 42 U.S.C. §1981, 42 U.S.C. § 1981a et seq. and 42 U.S.C. § 2000e.

## COUNT II

### BREACH OF EMPLOYMENT CONTRACT

28.

Pursuant to Defendant General Motors established policy and the agreement reached between Plaintiff Mary L. Metzler and Defendants Woods and Zimmer, Plaintiff should have been allowed

to post for jobs by utilizing the Opportunity Awareness Posting line (OAP).

29.

Defendants failure to allow Plaintiff Mary L. Metzler to post for jobs through General Motors Opportunity Awareness Posting line (OAP) constitutes a breach of Plaintiff Mary L. Metzler's employment contract with Defendant General Motors and the agreement that she reached with Defendants Woods and Zimmer.

30.

Upon her final separation, Defendant General Motors failed to provide Plaintiff Mary L. Metzler with the separation benefits that were authorized and required pursuant to Defendant General Motors' established separation policy.

31.

Defendant General Motors failure to provide Plaintiff Mary L. Metzler with the separation benefits required by Defendant General Motors established separation policy constitutes a breach of Plaintiff Mary L. Metzler's employment contract with Defendant General Motors.

32.

Defendant General Motors is liable to Plaintiff Mary L. Metzler for Defendant General Motors breaches of the employment contract between Plaintiff Mary L. Metzler and Defendant General Motors for the damages that resulted from said breaches in an amount to be shown at trial.

## COUNT III

### WRONGFUL TERMINATION

33.

Defendants decision to terminate Plaintiff Mary L. Metzler's employment with Defendant

General Motor's was without legitimate cause or justification.

34.

Defendants decision to terminate Plaintiff Mary L. Metzler's employment with Defendant General Motor's was the result of Defendants' intention to discriminate against Plaintiff due to her sex.

35.

Defendants decision to terminate Plaintiff Mary L. Metzler's employment with Defendant General Motor's was the result of Defendants' discriminatory practices.

36.

Defendants decision to terminate Plaintiff Mary L. Metzler's employment with Defendant General Motor's was unlawful under federal and state law.

37.

Defendants decision to terminate Plaintiff Mary L. Metzler's employment with Defendant General Motor's constitutes an actionable wrongful termination.

38.

Defendants' are jointly and severally liable to Plaintiff Mary L. Metzler for the damages that Plaintiff has suffered as a result of Plaintiff's wrongful termination of Plaintiff in an amount to be shown at trial.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.

During Plaintiff Mary L. Metzler's entire employment with Defendant General Motors,

Defendants repeatedly passed Plaintiff over for promotion, advancement and other job benefits and treated Plaintiff Mary L. Metzler in a manner which created a hostile work environment which resulted from Defendants' intentional desire to inflict emotional distress on Plaintiff Mary L. Metzler.

40.

Defendants' severe and reprehensible treatment of Plaintiff Mary L. Metzler during her employment with Defendant General Motors and Defendants decision to terminate Plaintiff's employment with Defendant General Motors was the result of Defendants' intentional desire to inflict emotional distress on Plaintiff Mary L. Metzler.

41.

As a result of Defendants severe and reprehensible treatment during her employment with Defendant General Motors, Plaintiff Mary L. Metzler has suffered severe emotional and psychological distress.

42.

Defendants are jointly and severally liable to Plaintiff Mary L. Metzler for the damages that she has suffered as a result of the Defendants' intentional infliction of emotional distress.

## COUNT V

### PUNITIVE DAMAGES

43.

Defendants' conduct in this case evince willful misconduct, malice, fraud, wantonness, oppression and/or an entire want of care demonstrating a conscious indifference to consequences.

44.

Defendants are jointly and severally liable to plaintiff for punitive damages pursuant to O.C.G.A. § 9-12-5.1 in an amount to be shown at trial.

45.

Defendants' in this case engaged in a discriminatory practice with malice and/or reckless indifference to the Plaintiff's federally protected rights.

46.

Defendants are jointly and severally liable to plaintiff for punitive damages pursuant to 42 U.S.C. §1981a in an amount to be shown at trial.

## COUNT VI

### ATTORNEYS FEES

47.

Defendants have acted in bad faith, been stubbornly litigious and have caused the Plaintiff unnecessary trouble and expense.

48.

Defendants are jointly and severally liable to Plaintiff for the attorney's fees, costs and expenses she has incurred in bringing this action pursuant to O.C.G.A. § 13-6-11 in an amount to be shown at trial.

49.

Defendants are jointly and severally liable to Plaintiff for the attorney's fees, costs and expenses Plaintiff has incurred in bringing this action pursuant to 42 U.S.C. § 1988 in an amount to be shown at trial.

**WHEREFORE** Plaintiff Mary L. Metzler prays that this Honorable Court shall enter a judgment as follows:

A) That a judgment be entered in favor of Plaintiff and against Defendant on Count I of this Complaint and that Plaintiff be awarded compensatory damages against the Defendant in the amount of one point two million dollars ($ 1,200,000.00);

B) That a judgment be entered in favor of Plaintiff and against Defendant on Count II of this Complaint and that Plaintiff be awarded compensatory damages against the Defendant in an amount to be shown at trial;

C) That a judgment be entered in favor of Plaintiff and against Defendant on Count III of this Complaint and that Plaintiff be awarded compensatory damages against the Defendant in an amount to be shown at trial;

D) That a judgment be entered in favor of Plaintiff and against Defendant on Count IV of this Complaint and that Plaintiff be awarded compensatory damages against the Defendant in an amount to be shown at trial;

E) That a judgment be entered in favor of Plaintiff and against Defendant on Count V of this Complaint and that Plaintiff be awarded punitive damages against the Defendant in an amount to be shown at trial;

F) That a judgment be entered in favor of Plaintiff and against Defendant on Count VI of this Complaint and that Plaintiff be awarded the reasonable and actual attorneys fees that she incurred in bringing this action against Defendant in an amount to be shown at trial;

Respectfully submitted this 2nd day of September, 2003.

*/s/ Kenneth W. Sheppard*
Kenneth W. Sheppard
Georgia Bar No. 641958

KENNETH W. SHEPPARD, P.C.
2801 Noble Creek Drive
Atlanta, Georgia 30327
Tel (404) 603-0288
Fax (404) 603-8906

Attorney for Plaintiff

AO 440 (Rev. 8/01) Summons in a Civil Action                    ORIGINAL

## UNITED STATES DISTRICT COURT

__Northern__ District of __Georgia__

Mary L. Metzler

v.

General Motors Corporation,
Jerome Hunter,
Barry Woods &
Gordon Zimmer

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **1 03 CV 2625**

TO: (Name and address of Defendant)

Gordon Zimmer
300 Renaissance Center
Detroit, MI 48265

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kenneth W. Sheppard
2801 Noble Creek Dr.
Atlanta, GA 30327

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK

_[signature]_
(By) DEPUTY CLERK

SEP - 2 2003

DATE

⊕AO 440 (Rev. 8/01) Summons in a Civil Action

ORIGINAL

# UNITED STATES DISTRICT COURT

Northern _____ District of _____ Georgia

Mary L. Metzler

v.

General Motors Corporation,
Jerome Hunter,
Barry Woods, &
Gordon Zimmer

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**1** 03 CV 2625

TO: (Name and address of Defendant)

Barry Woods
300 Renaissance Center
Detroit, MI 48265

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kenneth W. Sheppard
2801 Noble Creek Dr.
Atlanta, GA 30327

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK                                               DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

**ORIGINAL**

## UNITED STATES DISTRICT COURT

__Northern__ District of __Georgia__

Mary L. Metzler

v.

General Motors Corporation,
Jerome Hunter,
Barry Woods,
Gordon Zimmer

SUMMONS IN A CIVIL CASE

CASE NUMBER: 1 03 CV-2625

TO: (Name and address of Defendant)

Jerome Hunter
300 Rennaissance Center
Detroit, MI 48265

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kenneth W. Sheppard
2801 Noble Creek Drive
Atlanta, GA 30327

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS

CLERK

(By) DEPUTY CLERK

SEP - 2 2003

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

**ORIGINAL**

# UNITED STATES DISTRICT COURT

__Northern__ District of __Georgia__

Mary L. Metzler

V.

General Motors Corporation,
Jerome Hunter,
Barry Woods &
Gordon Zimmer

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **1 03 CV 2625**

TO: (Name and address of Defendant)

General Motors Corporation
300 Rennaissance Center
Detroit, MI 48265

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Kenneth W. Sheppard
2801 Noble Creek Dr.
Atlanta, Georgia 30327

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**LUTHER D. THOMAS**    2 2003

CLERK                DATE

(By) DEPUTY CLERK