CLERK'S OFFICE
Atlanta

OCT 20 2003

THOMAS, Clerk

By: _____
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MARY L. METZLER,                )
                                )
        Plaintiff,              )   Case No.   1:03-CV-2625  **BBM**
                                )
    v.                          )
                                )
GENERAL MOTORS CORPORATION, et  )
al.,                            )
                                )
        Defendants.             )
                                )
                                )
                                )

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants General Motors Corporation ("GM"), Jerome Hunter, Barry Woods and Gordon Zimmer, for their Answer to plaintiff's Complaint, admit, deny and aver as follows:

1.   Answering paragraph 1 of plaintiff's Complaint, defendants admit only that subject matter jurisdiction is appropriate in this Court under 28 U.S.C. § 1331, but deny that plaintiff is entitled to any relief thereunder, and further deny that plaintiff has stated a cause of action under 42 U.S.C. § 1981.

2.   Answering paragraph 2 of plaintiff's Complaint, defendants admit only that subject matter jurisdiction is

appropriate in this Court under 28 U.S.C. § 1332, but deny that plaintiff is entitled to any relief thereunder.

3.    Answering paragraph 3 of plaintiff's Complaint, defendants deny the allegations contained therein.

4.    Answering paragraph 4 of plaintiff's Complaint, defendants admit only that venue is proper in this Court.

5.    Answering paragraph 5 of plaintiff's Complaint, defendants admit plaintiff is a former GM employee.  Further answering paragraph 5, GM admits the remaining allegations contained therein on information and belief.

6.    Answering paragraph 6 of plaintiff's Complaint, defendants admit the allegations contained therein.

7.    Answering paragraph 7 of plaintiff's Complaint, defendants admit that Jerome Hunter is a quality manager at GM's Doraville assembly plant and a resident of Georgia.  Further answering paragraph 7, defendants deny the remaining allegations contained therein.

8.    Answering paragraph 8 of plaintiff's Complaint, defendants admit that Barry Woods is an engineering group manager for GM's Powertrain Quality Systems division in Pontiac, Michigan.  Further answering paragraph 8, defendants deny the remaining allegations contained therein.

9.   Answering paragraph 9 of plaintiff's Complaint, defendants admit that Gordon Zimmer is an executive director for GM's Powertrain division in Pontiac, Michigan.   Further answering paragraph 9, defendants deny the remaining allegations contained therein.

10.   Answering paragraph 10 of plaintiff's Complaint, defendants deny the allegations contained therein for lack of sufficient information to admit or deny the same and to the extent they attempt to set forth a legal conclusion to which no response is required.

11.   Answering paragraph 11 of plaintiff's Complaint, defendants admit the allegations contained therein.

12.   Answering paragraph 12 of plaintiff's Complaint, defendants admit the allegations contained therein.

13.   Answering paragraph 13 of plaintiff's Complaint, defendants admit the allegations contained therein.

14.   Answering paragraph 14 of plaintiff's Complaint, defendants admit only that during her employment, GM informed plaintiff that she was being transferred from the Doraville assembly plant to an alternative assignment with equivalent pay and benefits in Michigan.   Further answering paragraph 14, defendants deny the remaining allegations contained therein.

15.   Answering paragraph 15 of plaintiff's Complaint, defendants admit only that during her employment, plaintiff was at one time on a medical leave of absence after she reported a knee injury.  Further answering paragraph 15, defendant deny the remaining allegations contained therein.

16.   Answering paragraph 16 of plaintiff's Complaint and its subparts, defendants admit that upon the expiration of her medical leave of absence, plaintiff, rather than reporting to her work assignment as required, requested permission for and was granted a six-month unpaid leave of absence.  Defendants deny that GM was required to grant plaintiff's request for such a leave pursuant to applicable GM policies and procedures, and further states that plaintiff specifically agreed that there was no re-assurance of employment following the conclusion of the leave.

17.   Answering paragraph 17 of plaintiff's Complaint, defendants admit only that following the expiration of plaintiff's six-month unpaid leave of absence, her leave of absence was extended pending an investigation of allegations raised by plaintiff.

18.   Answering paragraph 18 of plaintiff's Complaint, defendants admit only that on or about December 4, 2002,

-4-

plaintiff met with Zimmer and Walls[1] and plaintiff raised the issue of the Opportunity Awareness Posting line. Further answering paragraph 18, defendants deny the remaining allegations contained therein.

19. Answering paragraph 19 of plaintiff's Complaint, defendants admit the allegations contained therein on information and belief.

20. Answering paragraph 20 of plaintiff's Complaint, defendants deny the allegations contained therein.

21. Answering paragraph 21 of plaintiff's Complaint, defendants admit the allegations contained therein.

22. Answering paragraph 22 of plaintiff's Complaint, defendants admit the allegations contained therein on information and belief.

### Answer to Count I

23. Answering paragraph 23 of plaintiff's Complaint, defendants deny the allegations contained therein.

24. Answering paragraph 24 of plaintiff's Complaint, defendants deny the allegations contained therein.

25. Answering paragraph 25 of plaintiff's Complaint, defendants deny the allegations contained therein.

---

[1] Defendants not that although Mr. Walls is referred to in this paragraph as "Defendant Walls," Mr. Walls has not been named or otherwise

26. Answering paragraph 26 of plaintiff's Complaint, defendants deny the allegations contained therein.

27. Answering paragraph 27 of plaintiff's Complaint, defendants deny the allegations contained therein.

## Answer to Count II

28. Answering paragraph 28 of plaintiff's Complaint, defendants deny the allegations contained therein.

29. Answering paragraph 29 of plaintiff's Complaint, defendants deny the allegations contained therein.

30. Answering paragraph 30 of plaintiff's Complaint, defendants deny the allegations contained therein.

31. Answering paragraph 31 of plaintiff's Complaint, defendants deny the allegations contained therein.

32. Answering paragraph 32 of plaintiff's Complaint, defendants deny the allegations contained therein.

## Answer to Count III

33. Answering paragraph 33 of plaintiff's Complaint, defendants deny the allegations contained therein.

34. Answering paragraph 34 of plaintiff's Complaint, defendants deny the allegations contained therein.

identified as a defendant in this action.

35.   Answering paragraph 35 of plaintiff's Complaint, defendants deny the allegations contained therein.

36.   Answering paragraph 36 of plaintiff's Complaint, defendants deny the allegations contained therein.

37.   Answering paragraph 37 of plaintiff's Complaint, defendants deny the allegations contained therein.

38.   Answering paragraph 38 of plaintiff's Complaint, defendants deny the allegations contained therein.

### Answer to Count IV

39.   Answering paragraph 39 of plaintiff's Complaint, defendants deny the allegations contained therein.

40.   Answering paragraph 40 of plaintiff's Complaint, defendants deny the allegations contained therein.

41.   Answering paragraph 41 of plaintiff's Complaint, defendants deny the allegations contained therein.

42.   Answering paragraph 42 of plaintiff's Complaint, defendants deny the allegations contained therein.

### Answer to Count V

43.   Answering paragraph 43 of plaintiff's Complaint, defendants deny the allegations contained therein.

44.   Answering paragraph 44 of plaintiff's Complaint, defendants deny the allegations contained therein.

45.   Answering paragraph 45 of plaintiff's Complaint, defendants deny the allegations contained therein.

46.   Answering paragraph 46 of plaintiff's Complaint, defendants deny the allegations contained therein.

### Answer to Count VI

47.   Answering paragraph 47 of plaintiff's Complaint, defendants deny the allegations contained therein.

48.   Answering paragraph 48 of plaintiff's Complaint, defendants deny the allegations contained therein.

49.   Answering paragraph 49 of plaintiff's Complaint, defendants deny the allegations contained therein.

Answering the WHEREFORE clause of plaintiff's Complaint and its subparts, defendants deny that plaintiff is entitled to any of the relief requested therein.

### AFFIRMATIVE AND OTHER DEFENSES

1.   Further answering plaintiff's Complaint, defendants deny each and every allegation contained therein which has not been specifically admitted herein.

2.   Further answering plaintiff's Complaint, defendants state that plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    Further answering plaintiff's Complaint, defendants state that plaintiff's alleged right to recovery is barred in whole or in part by her failure to mitigate any alleged damages.

4.    Further answering plaintiff's Complaint, defendants state that their actions were at all times taken in good faith and for legitimate business reasons and not for any discriminatory or illegal purpose, and that the same actions would have been taken based on legitimate, nondiscriminatory grounds regardless of any protected status.

5.    Further answering plaintiff's Complaint, defendants state that they exercised reasonable care to prevent and promptly correct any alleged incidents of harassment and that plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by defendants or to avoid harm otherwise.

6.    Further answering plaintiff's Complaint, defendants state that plaintiff's Complaint is barred or limited, in whole or in part, by the applicable statutes of limitations.

7.    Further answering plaintiff's Complaint, defendants state that some or all of plaintiff's claims are barred to the extent that a timely Charge of Discrimination was not filed with respect to all of the claims alleged in the Complaint and plaintiff has not exhausted the requisite administrative

-9-

procedures with respect to all of the claims set forth in plaintiff's Complaint.

8.    Further answering plaintiff's Complaint, defendants state that plaintiff has failed to allege facts sufficient to give rise to a claim for punitive damages.

9.    Further answering plaintiff's Complaint, defendants state that an award of punitive damages deprives defendants of property without due process of law in violation of defendants' rights under federal and/or state constitutions, and the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance to the trier of fact, and fails to require proof by an appropriate standard.

10.    Further answering plaintiff's Complaint, defendants specifically deny the existence of any causal connection of plaintiff's alleged damages to the incident alleged.

11.    Further answering plaintiff's Complaint, defendants state that plaintiff's claims are barred in whole or in part by failure of consideration.

12.    Further answering plaintiff's Complaint, defendants state that plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, waiver and estoppel.

13.   Defendants presently have insufficient knowledge of additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, having fully answered plaintiff's Complaint, defendants General Motors Corporation, Jerome Hunter, Barry Woods and Gordon Zimmer pray for judgment in their favor and against plaintiff and for reasonable attorney's fees and costs incurred in connection with the defense of this litigation, and for any other relief the Court deems just and proper.

                              Respectfully submitted,

                              LATHROP & GAGE L.C.

                              David C. Vogel
                              (Pro Hac Vice Motion pending)
                              2345 Grand Boulevard, Suite 2800
                              Kansas City, MO 64108-2684
                              Phone:(816) 292-2000
                              Fax: (816) 292-2001

                              and

                              McGUIRE WOODS, LLP

                              Diana D. Suber
                              The Proscenium
                              1170 Peachtree Street, Suite 2100
                              Atlanta, Georgia  30309
                              Phone:(404)443-5500
                              Fax: (404)443-5599
                              ATTORNEYS FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| MARY L. METZLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   1:03-CV-2625 |
| | ) | |
| v. | ) | |
| | ) | |
| GENERAL MOTORS CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing was mailed U.S. First class mail, postage prepaid, this   20th day of October, 2003, to:

Kenneth W. Sheppard
2801 Noble Creek Drive
Atlanta, Georgia  30327

Attorney for Plaintiff

An Attorney for Defendants