IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
Atlanta Division

|  |  |  |
|---|---|---|
| MARY L. METZLER, | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE** |
| | : | **NUMBER: 1:03-CV-2625** |
| v. | : | |
| | : | |
| GENERAL MOTORS CORPORATION, | : | |
| JEROME HUNTER, BARRY WOODS | : | |
| and GORDON ZIMMER | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## PLAINTIFF'S INITIAL DISCLOSURES

1.

State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

Plaintiff Mary L. Metzler, a former employee of defendant General Motors Corporation ("GM"), has filed a lawsuit against GM and three individual GM employees, Jerome Hunter, Barry Woods and Gordon Zimmer, alleging sex discrimination under Title VII of the Civil Rights Act of 1964 as well as state law claims of breach of contract, wrongful termination and intentional infliction of emotional distress. Plaintiff also seeks to recover punitive damages and the attorney's fees, costs and expenses that she has incurred in pursuing this action against Defendants.

Plaintiff began working for GM in October 1983. In July 1999, Plaintiff transferred from a

1



job in Warren, Michigan to a position at GM's assembly plant in Doraville, Georgia.  The parties

dispute whether plaintiff's performance met the company's expectations when she was in Doraville.

In May 2001, GM informed plaintiff that she was being transferred back to Michigan.  Plaintiff

objected to the transfer.  Shortly thereafter, Plaintiff went on a leave of absence due to a non-work

related injury.  After Plaintiff's leave ended in early 2003, she was separated from employment.

Plaintiff alleges that her treatment by GM and the individual defendants was unlawful sex

discrimination, constituted intentional infliction of emotional distress and resulted in a wrongful

termination of Plaintiff.  Plaintiff also alleges that her employment contract with GM allowed her

to apply for available jobs through a company program, but GM breached the contract by failing to

consider her for such jobs.  GM and the individual defendants deny Plaintiff's allegations.

A succinct list of the legal issues in this case include:

i.      Whether Plaintiff has exhausted her administrative remedies with regard to all of the
        claims set forth in her Complaint

ii.     Whether Plaintiff can establish a claim of sex discrimination, including the existence
        of any cognizable adverse action, under Title VII

iii.    Whether Plaintiff's claims are barred in whole or in part by any applicable statue of
        limitations.

iv.     Whether Plaintiff can establish the existence of a contract with GM or any individual
        defendant as a matter of law, and whether Plaintiff can establish that any such
        contract was breached

v.      Whether Plaintiff can establish a claim of intentional infliction of emotional distress.

vi.     Whether Plaintiff can establish that she has suffered damages as a result of any act

2

or omission of defendants

vii.    Whether Plaintiff reasonably mitigated any such damages as a matter of law

viii.    Whether GM can establish its affirmative defense that it exercised reasonable care to prevent and promptly correct any alleged incidents of harassment and that Plaintiff unreasonable failed to take advantage of preventive and corrective opportunities provided by defendants or to avoid harm otherwise, or any other affirmative defense set forth in defendant's answer.

ix.    Whether Plaintiff can establish that she is entitled to punitive damages and her attorney's fees, costs and expenses as a matter of law

x.    Whether Plaintiff is entitled to a jury trial on this issue.

**2.**

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

Federal discrimination law – 43 U.S.C. 1981 et seq.; Georgia state code and common law on wrongful termination and intentional infliction of emotional distress.

3.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

Mary Metzler
432 Merry Way
Pike Road, AL 36064
Possesses information regarding the Plaintiff's claims in this matter.

3

Barry Woods
Address/Telephone number unknown.
Possesses information regarding the Plaintiff's claims in this matter.

Gorden Zimmer
Address/Telephone number unknown.
Possesses information regarding the Plaintiff's claims in this matter.

Jerome Hunter
Address/Telephone number unknown.
Possesses information regarding the Plaintiff's claims in this matter.

4.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P.26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

Plaintiff has not identified any persons at this time who may be used at trial to present evidence under rules 712, 703, or 705 of the Federal Rules of Evidence. Plaintiff has identified no experts for this matter at this time.

5.

Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

Plaintiff is currently compiling documentation of her claim.

6.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other

4

evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P.34.

1.     Gender discrimination, in an amount to be determined

2.     Breach of employment contract, in an amount to be determined

3.     Wrongful termination, in an amount to be determined

4.     Intentional infliction of emotional distress, in an amount to be determined

5.     Punitive damages, in an amount to be determined

6.     Attorney fees, costs and expenses, in an amount to be determined

7.

Attach for inspection and copying under Fed.R.Civ.P.34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

No such insurance agreements exist to the knowledge, information and belief of the Plaintiff.

8.

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in the plaintiff's cause of action and state the basis and extent of such interest.

No persons or entities exist who have a subrogation interest in the cause of action set forth by the Plaintiff.

5

Served this 8th day of December, 2003.

Kenneth W. Sheppard
Georgia Bar No. 641958

KENNETH W. SHEPPARD, P.C.
2801 Noble Creek Drive
Atlanta, Georgia 30327
Tel  (404) 603-0288
Fax (404) 603-8906

Attorney for Plaintiff

6